### MAHER v. HASTIE.

1. ASSIGNMENT OF CLAIM—RIGHTS ·OF ASSIGNEE.

   An assignment of a claim to complainant *held* to have been colorable only, leaving the case open to the same considerations as though instituted in the name of her assignor.

2. DEBTOR AND CREDITOR—TRUST MORTGAGE—ESTOPPEL.

   A creditor of a corporation who has advised and assisted in litigation designed to defeat a trust mortgage given by it for the benefit of creditors, who has made no claim under the mortgage until after the trustee has sold the property, closed his trusteeship, and paid the other creditors, and who has obtained a judgment against the corporation for an amount in excess of his debt, is estopped to claim any benefit under the mortgage.

Appeal from Wayne; Donovan, J.   Submitted February 3, 1904.   (Docket No. 72.)   Decided March 23, 1904.

Bill by Carrie B. Maher against William G. Hastie, trustee, for an accounting.   From a decree dismissing the bill, complainant appeals.   Affirmed.

In July, 1901, two laundry companies consolidated under the name of the Chicago Sun Laundry Company.   Two persons, named Johnson and Dunne, received two-fifths of the stock; one Stewart and defendant, Hastie, received three-fifths.   Johnson was one of the directors and the general manager.   The business was a failure.   On November 15th Johnson transferred his stock to Dunne, and resigned his position as director, manager, and president.   About the same time Johnson assigned all his claims, as creditor of the company, to the complainant, Maher.   On November 21st complainant instituted a suit against the company for the claim assigned to her by Johnson.   Johnson was the witness.   The summons was served upon

Dunne as vice-president of the company, and judgment was rendered in favor of complainant for $454, besides costs. In fact, the company was indebted to Johnson only to the amount of $274.65.

On November 23d a meeting of the directors was held, at which Johnson and Dunne were both present. Dunne did not inform the directors of the suit brought by complainant against the company for Johnson's claim. At that meeting it was decided by unanimous vote to execute a chattel mortgage to defendant, as trustee, to take charge of the business and sell it for the benefit of the creditors. Johnson and Dunne both acquiesced in this arrangement, but did not inform the directors of the suit brought by complainant. The real indebtedness of the company to Johnson was inserted in the mortgage, without objection from him. Four days after this meeting, complainant took judgment against the corporation, as above stated.

Pursuant to the terms of the mortgage, defendant was proceeding to the sale, when Dunne, by and with the advice of Johnson, filed a bill for an injunction against the sale, charging fraud on the part of defendant, Hastie, and other stockholders. A temporary injunction was issued. In this bill Dunne alleged that Johnson was the largest creditor of the corporation, that he was willing to let his indebtedness run, and that he neither asked for nor accepted said mortgage. Johnson read this bill, and was therefore cognizant of all its contents. Upon the coming in of the answer, with affidavits accompanying it, the court dissolved the injunction, and the suit was never prosecuted further. Mr. Hastie then sold the property under the mortgage, from which he realized nearly enough to pay all the creditors, except Johnson, and the costs. The balance, some $62, Hastie paid himself.

The object of this bill is to compel an accounting on the part of Mr. Hastie, and a payment in full to complainant, as assignee of Johnson's claim, of $274.65. The case was heard upon pleadings and proofs in open court, and the bill dismissed.

*James J. McCann* (*May & O'Brien*, of counsel), for complainant.

*Henderson & Martindale*, for defendant.

GRANT, J. (*after stating the facts*). It is apparent that the complainant has no real interest in this suit. Johnson is the real party in interest, and is seeking to obtain this amount under cover of the assignment by him to her. About enough money was spent in litigating the chancery suit to pay the claim of Johnson. There was no foundation for that suit. He repudiated the mortgage. His actual claim was merged in a judgment for a much larger amount. He made no claim under the mortgage until defendant had sold the property, closed his trusteeship, and paid the creditors. We think the court was right in holding that Johnson, the real party in interest, did not come into court with clean hands, and that he is now estopped to ask for an accounting or assert any claim against defendant.

Decree affirmed, with costs.

The other Justices concurred.